**MENE GRANDE OIL CO., C. A., v. UNITED STATES et al.**

United States District Court
S. D. New York.

Nov. 13, 1950.

Purdy, Lamb & Catoggio, New York City, proctors for libelant.

Irving H. Saypol, U. S. Atty., New York City, proctor for respondent United States. Corydon B. Dunham, New York City, of counsel.

McGOHEY, District Judge.

The respondent United States moves to dismiss the libel. Several grounds are asserted but they all come to the same thing, namely, that the suit is barred by the statute of limitations. I do not agree.

The suit seeks to recover for damages to libellant's dock at Las Piedras, Venezuela, alleged to have been caused by respondents' vessel, the S. S. Fort Winnebago, on January 18, 1947. At that time suits for land damage caused by ships in navigable waters were not within the Admiralty jurisdiction. And although the Federal Tort Claims Act was then in effect it did not authorize suit against the United States on claims arising in a foreign country.[1] On June 19, 1948, Congress extended the Admiralty jurisdiction to "all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land."[2] The Act provided, moreover, that if such suits are brought against the United States the Public Vessels Act, 46 U.S.C.A. § 781 et seq., or the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., "shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act."

Although it is clear that the Federal Tort Claims Act gave no cause of action to the libellant, the respondent urges that libellant is in some way now bound by that Act's one year limitation. How one can be barred by the provisions of a statute which concededly did not reach his claim is not made clear and, of course, no case is cited to support this odd proposition.

Section 740 of Title 46 became law on June 19, 1948. It is not restricted to claims arising in the United States. Accordingly, libellant could sue if its claim was not barred by the Public Vessels Act or the Suits in Admiralty Act. These, however, provide that suits may be brought within two years after the claim arises. Thus libellant had until January 17, 1949, to commence its action, which it did on that day, alleging that its claim was presented to the appropriate Federal Agency more than six months prior to filing suit. Respondent urges unreasonable delay and laches detrimental to it as grounds for dismissal. They are not substantial. As appears from the foregoing recital, it is clear that libellant acted as promptly as the law allowed.

Libellant therefore having brought its suit within the time provided, the action is not barred.

Accordingly, the respondent's motion to dismiss is denied.

1. Title 28 U.S.C.A. § 2680(k), formerly § 943.

2. Title 46 U.S.C.A. § 740.